IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

IN RE:

THOMAS P. McBRIDE and
SABRINA W. McBRIDE,

CASE NO. 06-11134-WRS
Chapter 7

Debtors.

---

THOMAS P. McBRIDE, SABRINA W. McBRIDE,
LARRY C. WALLACE and DEBRA T. WALLACE,
individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

Adversary No. 09-01061

CITIMORTGAGE, INC.,

Defendant.

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs Thomas McBride, Sabrina McBride, Larry Wallace and Debra Wallace, individually and on behalf of all other persons similarly situated, bring this Amended Complaint against Defendant CitiMortgage, Inc. and allege as follows:

### I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157. As to all causes of action, this is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. All causes of action are based on the Bankruptcy Code of the United States.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## II. PARTIES

4. Plaintiffs Thomas McBride and Sabrina McBride are resident citizens of the State of Alabama, and are debtors in Case No. 06-11134-WRS filed in this Court.

5. Plaintiffs Larry Wallace and Debra Wallace are resident citizens of the State of Alabama, and are debtors in Case No. 01-04822-DHW filed in this Court.

6. Defendant CitiMortgage, Inc. is a corporation doing business in the State of Alabama. Defendant CitiMortgage, Inc. is the successor by merger to CitiFinancial Mortgage Company, Inc.

## III. FACTUAL ALLEGATIONS

7. On October 10, 2006, Plaintiffs Thomas McBride and Sabrina McBride filed a Chapter 7 case in this Court.

8. On January 24, 2007, the Defendant, with the active participation and consent of one or more of its attorneys, filed an improper and fraudulent affidavit in support of a motion for relief from stay that Defendant had filed in Plaintiffs Thomas McBride and Sabrina McBride's bankruptcy case.

9. Defendant's affidavit was improper and fraudulent in that the signature page was executed and/or notarized separate and apart from one or more other pages of, and/or one or more exhibits to, and/or some other part of, the affidavit. Defendant's affidavit purportedly was signed

2

by its employee Mark Grillo on January 18, 2007, but purportedly was notarized by its employee Donna Fogle on January 17, 2007.

10. The affiant's signature and the notary's signature are on a separate page from the substantive paragraphs of the affidavit, and that is a common and widespread practice in numerous other affidavits filed by Defendant in support of motions for relief from stay. The pages of the affidavit are not numbered, and that is a common and widespread practice in numerous other affidavits filed by Defendant in support of motions for relief from stay.

11. On August 30, 2001, Plaintiffs Larry Wallace and Debra Wallace filed a Chapter 13 case in this Court.

12. On August 20, 2003, the Defendant, with the active participation and consent of one or more of its attorneys, filed an improper and fraudulent affidavit in support of a motion for relief from stay that Defendant had filed in Plaintiffs Larry Wallace and Debra Wallace's bankruptcy case.

13. Defendant's affidavit was improper and fraudulent in that the signature page was executed and/or notarized separate and apart from one or more pages of, and/or one or more exhibits to, and/or some other part of, the affidavit. Defendant's affidavit purportedly was signed by its Mortgage Officer Kim Beavin on August 8, 2003 and purportedly was notarized by its employee Bonnie Powell on August 8, 2003. Defendant's affidavit states in the last paragraph on the second page that "A payment history is attached hereto as Exhibit C and incorporated herein by reference." However, the payment history attached as Exhibit C is dated August 14, 2003.

14. The affiant's signature and the notary's signature are on a separate page from the substantive paragraphs of the affidavit, and that is a common and widespread practice in numerous other affidavits filed by Defendant in support of motions for relief from stay. The pages of the

3

affidavit are not numbered, and that is a common and widespread practice in numerous other affidavits filed by Defendant in support of motions for relief from stay.

15. The Defendant, with the active participation and consent of one or more of its attorneys, filed improper and fraudulent affidavits in the bankruptcy cases of each of the class members in support of motions for relief from stay, motions for adequate protection or similar motions filed by Defendant. These affidavits were improper and fraudulent in that the signature pages were executed and/or notarized separate and apart from one or more other pages of, and/or one or more exhibits to, and/or some other part of, these affidavits, as evidenced by the following facts:

   a. Some of Defendant's affidavits state that a payment is past due when that payment did not become past due until a date later than the date on which the affidavit was executed.

   b. Some of Defendant's affidavits have exhibits attached that are dated later than the date on which the affidavits are executed.

   c. Some of Defendant's affidavits identify the wrong affiant on the first page.

   d. Some of Defendant's affidavits are missing one or more pages of the affidavit.

   e. Some of Defendant's affidavits refer to and incorporate exhibits that are not attached to the affidavit.

   f. Some of Defendant's affidavits have the affiant date filled in by someone other than the affiant.

16. The improper nature of Defendant's affidavits is not readily apparent from reviewing a single affidavit. In order to discover the nature and scope of Defendant's misconduct, it is necessary to review multiple affidavits filed by Defendant.

4

## IV. CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this action as a class action individually and on behalf of a class which is defined as follows:

> All individuals who have filed in the Middle District of Alabama a Chapter 13 or Chapter 7 bankruptcy case in which the Defendant filed, or caused to be filed, an improper or fraudulent affidavit, declaration or certification in support of a motion for relief from stay, motion for adequate protection or a similar motion filed by Defendant.

Excluded from the class are any employees, officers or directors of the Defendant or any of their subsidiaries or affiliates, and any of the legal representatives, heirs, successors and assigns of any such employees, officers or directors.

18. This action may properly be maintained as a class action pursuant to Bankruptcy Rule 7023 and Rule 23 of the Federal Rules of Civil Procedure.

19. The members of the class are so numerous that joinder of the individual claims is impractical. Plaintiffs believe that there are hundreds of individuals in whose bankruptcy cases the Defendant filed improper and fraudulent affidavits, declarations or certifications. The precise number of class members and their addresses are presently unknown to Plaintiffs, but can be easily obtained from the Defendant's files, records and databases. Class members can be notified of the pendency of this action by mail and/or published notice.

20. Common questions of law and fact exist as to all members of the class. These questions predominate over questions affecting only individual class members. These common legal and factual questions include, but are not limited to:

5

a. The propriety of the Defendant's practice of filing improper and fraudulent affidavits, declarations or certifications in support of motions for relief from stay, motions for adequate protection and similar motions.

b. Whether Defendant's practices constitute an abuse of the bankruptcy process.

c. Whether Defendant's practices constitute fraud on the court.

d. The nature of any injunctive relief which should be afforded to the class to prevent the continuation of the wrongful conduct of the Defendant.

e. Whether the Defendant should be required to disgorge the benefits it has obtained from its wrongful conduct.

f. The nature and amount of civil damages that should be paid.

g. The nature and amount of civil sanctions that should be assessed.

21. Plaintiffs' claims are typical of the claims of members of the class. Plaintiffs and each member of the class have had improper and fraudulent affidavits, declarations or certifications filed in their bankruptcy cases by the Defendant. Plaintiffs and each of the members of the class have sustained damages resulting from Defendant's illegal and fraudulent practice. If the Defendant is not enjoined from engaging in this illegal and fraudulent practice in the future, additional members of the class will suffer.

22. Plaintiffs are adequate representatives of the class because (a) their interests do not conflict with the interests of the individual members of the class they seek to represent; (b) they have retained counsel who are competent and experienced in complex class action litigation; and (c) they intend to prosecute this action vigorously. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their counsel.

6

23. The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the class. Absent a class action, most members of the class would not only be unaware of the illegal and fraudulent practices of the Defendant, but would find the cost of litigating their individual claims to be prohibitive and would not have an effective remedy at law. Because of the size of the individual class members' claims, few could afford to seek legal redress for the wrongs alleged herein. Without a class action, the class members will continue to suffer harm and the Defendant's violations of law will have occurred and will continue to occur without remedy. Hence, class treatment is the only method by which all the class members' common claims can be economically and expeditiously adjudicated in one proceeding, thus precluding the possibility of multiple trials and inconsistent judgments.

## V. **FIRST CAUSE OF ACTION**

24. Plaintiffs adopt and reallege paragraphs 1 through 23 the same as if fully set out herein.

25. Defendant's actions violate the Bankruptcy Code and Rules and constitute an abuse of the bankruptcy process.

26. Plaintiffs and the class invoke the Court's inherent powers and the Court's powers under § 105 of the Bankruptcy Code.

WHEREFORE, Plaintiffs and the class demand civil relief and judgment against Defendant as follows:

    A.    Plaintiffs and the class members seek all civil relief damages available to them and the class pursuant to § 105 and the Court's inherent powers, including disgorgement

and refund or credit of any fees or charges posted to their accounts and/or collected from them in connection with any motions for relief from stay, motions for adequate protection, or any similar motions where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions and punitive damages, if punitive damages are available in a civil § 105 context, as determined by the court; attorneys fees and costs in amounts to be determined by the court and an order requiring the Defendant to pay reasonable attorney fees, costs and expenses to Plaintiffs' counsel for prosecution of this action; and any other civil relief damages that the court deems appropriate.

B. Such other and different civil relief pursuant to § 105 and the Court's inherent powers as may be appropriate, including an order declaring Defendant's practices improper, illegal and fraudulent.

## VI. SECOND CAUSE OF ACTION

27. Plaintiffs adopt and reallege paragraphs 1 through 26 the same as if fully set out herein.

28. Defendant's actions violate the Bankruptcy Code and Rules and constitute fraud on the bankruptcy court.

29. Plaintiffs and the class invoke the Court's inherent powers and the Court's powers under § 105.

WHEREFORE, Plaintiffs and the class demand civil relief and judgment against Defendant as follows:

A.  Plaintiffs and the class members seek all civil relief damages available to them and the class pursuant to § 105 and the Court's inherent powers, including disgorgement and refund or credit of any fees or charges posted to their accounts and/or collected from them in connection with any motions for relief from stay, motions for adequate protection, or any similar motions where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions and punitive damages, if punitive damages are available in a civil § 105 context, as determined by the court; attorneys fees and costs in amounts to be determined by the court and an order requiring the Defendant to pay reasonable attorney fees, costs and expenses to Plaintiffs' counsel for prosecution of this action; and any other civil relief damages that the court deems appropriate.

B.  Such other and different civil relief pursuant to § 105 and the Court's inherent powers as may be appropriate, including an order declaring Defendant's practices improper, illegal and fraudulent.

### VII. THIRD CAUSE OF ACTION

30. Plaintiffs adopt and reallege paragraphs 1 through 29 the same as if fully set out herein.

31. Plaintiffs and all class members whom they seek to represent are entitled to a civil relief order declaring that Defendant's acts and practices described herein violate the Bankruptcy Code and Rules, constitute an abuse of the bankruptcy process, and constitute fraud on the bankruptcy court; and this Court should permanently enjoin Defendant from engaging in said acts

9

and practices in the future with respect to any debtor who is a member of the class of persons described herein.

32. Defendant's actions violate the Bankruptcy Code and Rules, constitute an abuse of the bankruptcy process, and constitute fraud on the bankruptcy court.

33. Plaintiffs and the class invoke the Court's inherent powers and the Court's powers under § 105.

34. Plaintiffs and the class members are entitled to such other, further and different civil relief as the Court deems appropriate. Pursuant to the specific equity raised in this proceeding, the Defendant should also be required to pay class counsel reasonable attorneys fees, costs and expenses for the prosecution of this action.

WHEREFORE, Plaintiffs and the class demand civil relief and judgment against Defendant as follows:

    A.    Plaintiffs and the class members seek all civil relief damages available to them and the class pursuant to § 105 and the Court's inherent powers, including disgorgement and refund or credit of any fees or charges posted to their accounts and/or collected from them in connection with any motions for relief from stay, motions for adequate protection, or any similar motions where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions and punitive damages, if punitive damages are available in a civil § 105 context, as determined by the court; attorneys fees and costs in amounts to be determined by the court and an order requiring the Defendant to pay reasonable

10

Case 09-01061   Doc 12   Filed 10/02/09   Entered 10/02/09 09:29:31   Desc Main
            Document      Page 10 of 12

attorney fees, costs and expenses to Plaintiffs' counsel for prosecution of this action; and any other civil relief damages that the court deems appropriate.

B.  Such other and different civil relief pursuant to § 105 and the Court's inherent powers as may be appropriate, including an order declaring Defendant's practices improper, illegal and fraudulent.

NO CRIMINAL SANCTIONS, NO CRIMINAL PENALTIES, NOR ANY OTHER CRIMINAL RELIEF IS SOUGHT BY PLAINTIFFS OR THE CLASS IN THIS COMPLAINT.

_____
STEVE OLEN (OLENS7621)

_____
STEVEN L. NICHOLAS (NICHS2021)
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)

_____
DONALD J. STEWART
Cabaniss, Johnston, Gardner, Dumas & O'Neal
Post Office Box 2906
Mobile, Alabama 36652
251-415-7300

11

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of October, 2009, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Rik S. Tozzi
Starnes & Atchison, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259-8512

_____
STEVE OLEN